## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DARRELL AVERY,

    Petitioner,

v.                                                                Civil Action No.:  RDB-20-1499

WARDEN,

    Respondent.

### MEMORANDUM OPINION

Respondent's Answer[1] to the above-entitled Petition for Writ of Habeas Corpus seeks dismissal of the Petition because it is untimely and without merit.  ECF 13.  Petitioner Darrell Avery responded to the Answer.  ECF 15, 16, 17, 18, and 22.  The Court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).  For the reasons that follow, the petition shall be dismissed as time-barred and a certificate of appealability shall not issue.

### BACKGROUND

On October 9, 2007, Avery was indicted for the first-degree murder of Diekia Davis, who died as a result of blunt-force trauma and strangulation.  ECF 24 at 4; 32.[2]  Avery was charged in the Circuit Court for Baltimore County.  *Id.*  The State filed a notice that it would be seeking a

---

[1]     Respondent also filed a Motion to Remove Incorrect Document (ECF 20) stating that a Motion for Extension of Time was filed in error.  The motion shall be granted.

[2]     The State Record filed by counsel for Respondent is docketed separately due to an error in the original filing of the Response.  The page numbers cited correspond to the page numbers assigned by the Court's electronic docketing system.

sentence of life without the possibility of parole and Avery entered a plea of not criminally responsible. *Id.* at 32. Avery was found competent to stand trial and criminally responsible after being evaluated by State psychiatrists. *Id.*

On June 10, 2009, Avery changed his plea to a guilty plea in exchange for the State withdrawing its intention to pursue a sentence of life without the possibility of parole. ECF 24 at 33. Avery pleaded guilty to first-degree murder and first-degree assault, related to an act separate from the first-degree murder of Davis. *Id.* at 33-34. The State requested and the court imposed a sentence of life with the possibility of parole and twenty-five years concurrent. *Id.* at 34-35. Following his guilty plea, Avery did not file an application for leave to appeal. *Id.* at 11.

On August 17, 2009, Avery filed a Motion for Modification of Sentence which the court denied on August 25, 2009. ECF 24 at 11. A second untimely motion was filed on July 19, 2013 and was denied on July 31, 2013. *Id.* at 10.

On April 24, 2014, Avery filed a petition for post-conviction relief. ECF 24 at 10; 28-31. After a hearing was held on February 18, 2015, the court denied relief in a written decision dated February 24, 2015. *Id.* at 7; 32-41.

On December 11, 2015, Avery, through counsel, filed a Motion to Reopen Post-Conviction proceedings for the sole purpose of having the post-conviction decision re-dated and re-filed to allow for Avery to file a timely application for leave to appeal. ECF 24 at 39-46. That motion was granted on December 16, 2015. *Id.* at 47. Avery, however, did not file an application for leave to appeal the denial of post-conviction relief until February 14, 2020. *Id.* at 58-9. That application references a decision issued on February 6, 2020.[3] *Id.*

---

[3]     Avery filed multiple self-represented motions to reopen the post-conviction case which were denied by the state court. None of those motions has any impact on the timeliness of this federal habeas petition.

2

In the petition filed with this Court, Avery asserts that he was not advised he would be going to prison for the rest of his life. ECF 6 at 5. Avery's second claim is that his sentence is illegal because the court imposed a sentence of life with all suspended but 20 years which the State never consented to and is nonetheless "inherently illegal and subject to correction under Md. Rule 4-345(a)." *Id.* Lastly, Avery asserts he was denied counsel by the Federal Public Defender James Wyda who found no merit in Avery's claims. ECF 1.

### STANDARD OF REVIEW

Under the provisions of 28 U.S.C. § 2244, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*  The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708.

## ANALYSIS

Avery's conviction became final on the date the time for filing an application for leave to appeal expired: July 10, 2009, 30 days from the date he entered his guilty plea. *See* Md. Rule 8-204(b)(1).  On July 10, 2010, one year from the date his conviction became final, the deadline for Avery to seek federal habeas relief would have expired absent any event that operated to toll its expiration.  Here, Avery filed a motion for modification of sentence on August 17, 2009, which was then denied on August 25, 2009, tolling the one-year filing period for eight days.[4]  Thus, the federal habeas deadline expired on August 25, 2010.

Avery argues that the limitation period does not apply to his case because his sentence is illegal and must be corrected "at anytime according to Md. Rule 4-345(a)."  ECF 6 at 5; ECF 15.

---

[4]     Avery's motions for modification of sentence and his post-conviction petition all of which were filed beyond the one-year filing deadline of August 25, 2010, did not operate to toll the filing period.

4

He also argues that his attorneys "didn't do their job" (ECF 15 at 2); he did not know about the one-year filing deadline (ECF 17 at 1); and that this Court has already accepted his explanation about why the one-year filing deadline does not apply to his petition by issuing an Order to show cause (ECF 17 at 2-3). Avery fails to assert a cognizable basis for equitable tolling.

First, the Maryland Rule pertaining to the correction of an illegal sentence is a directive addressed to the State courts and does not apply to the timeliness of a federal habeas petition. Avery's claim that his attorneys somehow failed to keep him apprised of the federal filing deadline is also unavailing. Attorney error is not an "extraordinary circumstance". *See Taliani v. Chrans*, 189 F. 3d 597, 598 (7th Cir. 1999) (lawyer's miscalculation of limitations period is not a basis for equitable tolling). Nor does Avery's own ignorance of the law constitute an extraordinary circumstance that warrants equitably tolling the limitations period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Lastly, this Court may not and has not waived any of Respondent's available defenses simply by requiring an Answer to Avery's petition.

The petition is time-barred and must be dismissed. In addition, this Court must consider whether a certificate of appealability should issue. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order DISMISSING the petition as untimely follows.

DECEMBER 10, 2020
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

6